# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRION DODD JOHNSON,<br><br>Defendant. | No. CR04-0012-LRR<br><br>ORDER |

_____

## I. INTRODUCTION

Before the court is Defendant Brion Dodd Johnson's Motion to Dismiss ("Motion") (docket no. 161).

## II. RELEVANT PRIOR PROCEEDINGS

On July 3, 2006, Defendant filed the instant Motion. On July 11, 2006, the government filed a Resistance.

## III. THE MERITS

Count 1 of the Second Superseding Indictment charges Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Count 2 charges Defendant with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). Defendant contends that the prior trial of this matter, *see generally United States v. Johnson*, 439 F.3d 884 (8th Cir. 2006), demonstrates that these two charges involve the same underlying conduct and constitute a single offense. Defendant concludes that the Second Superseding Indictment is multiplicitous and violates the Double Jeopardy Clause of the Fifth Amendment.

Defendant's argument lacks merit. To determine whether two offenses are the same for double jeopardy purposes, the court must apply the so-called "elements test" set forth

1

in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *United States v. Gamboa*, 439 F.3d 796, 809 (8th Cir. 2006). The focus of the test is "'on the statutory elements of the offenses,'" not "'the evidence presented at trial.'" *Id.* (quoting *Flittie v. Solem*, 775 F.2d 933, 937 (8th Cir. 1985)). "Under *Blockburger*, '[i]f each offense requires proof of an element not required by the other, the crimes are not considered the same, and a double jeopardy challenge necessarily fails.'" *Id.* (quoting *United States v. Good Bird*, 197 F.3d 1203, 1204 (8th Cir. 1999)).

Count 1 and Count 2 each require proof of an element not required by the other. As the court instructed the jury at the last trial, Count 1 requires that the government prove Defendant "possessed a computer that he knew contained one or more visual depictions of a minor engaged in sexually explicit conduct." (docket no. 103, Final Jury Instruction no. 16). Count 2 requires proof that Defendant "knowingly received one or more visual depictions of a minor engaged in sexually explicit conduct. (*Id.*, Final Jury Instruction no. 18). Therefore, Count 1 and Count 2 do not offend the Double Jeopardy Clause of the Fifth Amendment. *Blockburger*, 284 U.S. at 304.[1]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion (docket no. 161) is **DENIED.**

**DATED** this 14th day of July, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] Although the issue of multiplicity was not raised, the Eighth Circuit Court of Appeals recently upheld charges on both § 2252A(a)(2)(A) and § 2252A(a)(5)(B) as separate convictions in *United States v. Crume*, 422 F.3d 728 (8th Cir. 2005).