# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 04-CR-12-LRR |
| vs. | |
| BRION DODD JOHNSON, | **ORDER** |
| Defendant. | |

_____

## *I. INTRODUCTION*

Before the court is Defendant Brion Dodd Johnson's Motion in Limine ("Motion") (docket no. 162).

## *II. RELEVANT PRIOR PROCEEDINGS*

On July 3, 2006, Defendant filed the instant Motion. On July 11, 2006, the government filed a resistance. On August 16, 2006, the government filed a supplemental resistance.

## *III. THE MERITS*

Defendant asks the court to enter an order in limine precluding the government from introducing certain evidence at trial. Namely, he seeks to exclude: (1) lurid written materials found in Defendant's bedroom; (2) testimony from law enforcement officers or others about what Yvonne Huston said in unsworn out-of-court statements; (3) all visual images of child pornography; (4) all deleted images of child pornography; and (5) all images of child pornography stored in certain password-protected files. The court considers each request, in turn.

### A. Lurid Written Materials

Defendant asks the court to enter an order in limine directing the government not to present evidence about or comment on lurid written materials found in Defendant's bedroom. At the first trial, the court admitted into evidence two fictional stories, pursuant to Federal Rule of Evidence 404(b). The stories are entitled "Whore Child" and "Revenge is Sweet." *United States v. Johnson*, 439 F.3d 884, 885 (8th Cir. 2006). "Whore Child" details the abduction and forcible rape of a thirteen-year-old girl. *Id.* "Revenge is Sweet" details the incestuous rape of a fifteen-year old girl. *Id.* On appeal, the Eighth Circuit Court of Appeals held that the court erroneously admitted the stories and reversed. *Id.* at 887-89. In its resistance, the government states that it does not intend to offer the stories again.

Accordingly, the court shall grant Defendant's request. "Whore Child" and "Revenge is Sweet" shall not be admitted at Defendant's retrial.

### B. Yvonne Huston's Statements

Defendant asks the court to enter an order in limine directing the government not to present evidence or comment on testimony from law enforcement officers or others about what Yvonne Huston said in unsworn out-of-court statements. Defendant objects to these statements on grounds of hearsay and the Sixth Amendment's Confrontation Clause. *See* Fed. R. Evid. P. 801; U.S. Const. amend. VI; *Crawford v. Washington*, 541 U.S. 36 (2004). The government resists any such order in limine.

Defendant does not specify what statements should be excluded. Absent such specification, the court cannot rule in advance of trial on what statements should be excluded. Moreover, it is imperative that the court know the full context of the statements. Some out-of-court statements are not hearsay, Federal Rule of Evidence 801(d), and there are many exceptions to the hearsay rule, Federal Rules of Evidence 803, 804 and 807.

The Sixth Amendment's Confrontation Clause does not bar admission of all hearsay, only "testimonial hearsay." *Davis v. Washington*, 126 S. Ct. 2266, 2274-76 (2006).

Accordingly, the court shall deny Defendant's request for an order in limine. The court shall wait until trial to rule upon whether the government may present evidence or comment on testimony from law enforcement officers or others about what Yvonne Huston said in unsworn out-of-court statements.

### C. *Visual Images of Child Pornography*

Defendant asks the court to enter an order in limine directing the government not to offer into evidence any visual images of child pornography. Defendant offers to stipulate that the images are child pornography. Citing *United States v. Old Chief*, 519 U.S. 172 (1996) and Federal Rule of Evidence 403, Defendant contends that, in light of his offer to stipulate, the probative value of displaying the images to the jury is substantially outweighed by the danger of unfair prejudice.

Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. As the government points out in its supplemental resistance, the Eighth Circuit Court of Appeals recently held that a district court abused its discretion when, under circumstances nearly identical to those here, it accepted a defendant's offer to stipulate and forbade the government from publishing a representative sample of images of child pornography to the jury. *See United States v. Sewell*, No. 05-4232, ___ F.3d ___, 2006 WL 2290497, *2 (8th Cir. Aug. 10, 2006). The Court recognized that district courts should discount the probative value of disputed evidence in the Rule 403 balancing process if an evidentiary alternative has equal or greater probative value and poses a lower risk of prejudice. *Id.* That said, "stipulation

3

to an element of the offense . . . does not generally constitute an evidentiary alternative having equal or greater probative value." *Id*. The Eighth Circuit Court of Appeals wrote:

> [A] "defendant's Rule 403 objection offering to concede a point generally cannot prevail over the [g]overnment's choice to offer evidence showing guilt and all the circumstances surrounding the offense." *Old Chief*, 519 U.S. at 183. Generally, "the prosecution is entitled to prove its case by evidence of its own choice," and "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *See id*. at 186-87.

*Id*. As in *Sewell*, in the images of child pornography are relevant proof of multiple elements of the statutes at issue, including the issue of intent or knowledge, and Defendant has not offered to stipulate to all of those elements. *See id*. The government is not required to accept Defendant's offer to stipulate and may prove its case by evidence of its own choice.

Accordingly, the court shall deny Defendant's request for an order in limine directing the government not to offer into evidence visual images of child pornography.

### D. *Deleted Images Found in Temporary Internet Files*

Defendant asks the court to enter an order in limine directing the government not to present evidence or comment on deleted images found in the "Temporary Internet Files" folder on his computer. The government may offer the testimony of Mr. Pete Gonzalez, a computer forensic analyst who works for the United States Postal Inspection Service. Mr. Gonzalez is prepared to testify that he found the deleted images on one of Defendant's computers. Further, Mr. Gonzalez is prepared to testify that when a computer user accesses the World Wide Web, Microsoft Internet Explorer, a web browser, saves

everything into a file folder called "Temporary Internet Files."[1]  The images in Defendant's Temporary Internet Files folder were deleted.  By using a computer program, Mr. Gonzalez was able to retrieve these deleted files and view them.

Defendant contends that he cannot be convicted of possessing child pornography because there were once images of child pornography stored in the Temporary Internet Files folder on his computer.  The presence of the images in the Temporary Internet Files folder only indicates that someone once used the computer's web browser to view child pornography; the browser caused the images to be automatically stored in the web brower's cache.  Therefore, the computer user did not purposely save or download child pornography.  In support of his argument, Defendant points to *United States v. Stulock*, 308 F.3d 922, 925 (8th Cir. 2002), in which the Eighth Circuit Court of Appeals noted without comment that the district court in that case had held that "one cannot be guilty of possession for simply having viewed an image on a web site, thereby causing the image to be automatically stored in the browser's cache, without having purposely saved or downloaded the image." *Stulock*, 208 F.3d at 925.  Defendant, therefore, argues that the deleted images are irrelevant and unfairly prejudicial.  *See* Fed. R. Civ. P. 401 and 403.

The government apparently concedes that Defendant cannot be convicted of possession or receipt of child pornography on the basis of the deleted child pornography found in the Temporary Internet Files folder.  Instead, the government contends the images are admissible under Federal Rule of Evidence 404(b) to establish Defendant's knowledge and intent.

Rule 404(b) provides:

---

[1] The browser temporarily stores the downloaded images in the Temporary Internet Files folder so that, if the computer user attempts to view the same web page again, the computer is able to retrieve the page much more quickly.

> (b) Other Crimes, Wrongs, or Acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). Rule 404(b) "excludes evidence of specific bad acts used to circumstantially prove a person has a propensity to prove acts of that sort." *Johnson*, 439 F.3d at 887. "Propensity evidence, whether of a person's general character or examples of specific bad acts, is ordinarily excluded because of the likelihood the jury may misuse it." *Id*. Other acts evidence is admissible only if it is

> 1) relevant to a material issue raised at trial, 2) similar in kind and close in time to the crime charged, 3) supported by sufficient evidence to support a jury finding the defendant committed the other act, and 4) its probative value is not substantially outweighed by its prejudicial value.

*Id*. (citing *United States v. Kern*, 12 F.3d 122, 124-25 (8th Cir. 1993)).

The court declines to enter an order in limine excluding the deleted child pornography found in the Temporary Internet Files folder. The images may be admissible under Rule 404(b), depending upon whether government lays a proper foundation.[2]

---

[2] The government asserts that such a foundation was laid at the first trial, but does not cite the transcript for any of the alleged statements upon which it relies. The court has reviewed the transcript, and it is unclear whether such a foundation was laid. In any event, the government will have to lay such a foundation in the upcoming trial if it intends
(continued…)

First, the images may be relevant to a material issue. At the first trial, Defendant claimed that Huston framed him and that the child pornography was downloaded inadvertently. *Johnson*, 439 F.3d at 886. The government intends to introduce the deleted child pornography to rebut Defendant's claim. The government asserts that the forensic computer evidence will show that, shortly before a search warrant was executed at Defendant's residence on June 23, 2003, Defendant was looking at child pornography on his computer. The government's expert plans to testify that the deleted images were last accessed shortly before the search warrant was executed. The government expects Defendant's roommate and friend, Tony Herman, to testify that, at that time, Defendant was using the computer on which the deleted child pornography was found. The deleted child pornography may thus be relevant to prove knowledge, intent or lack of mistake. Fed. R. Evid. 404(b); *see, e.g.*, *Andresen v. Maryland*, 427 U.S. 463, 483 (1976) ("The Court has often recognized that proof of similar acts is admissible to show intent or the absence of mistake."); *United States v. Ihmoud*, 454 F.3d 887, 891-92 (8th Cir. 2006) (affirming admission of Rule 404(b) evidence).

Second, the deleted child pornography is similar in kind and close in time to the child pornography Defendant is charged with possessing and receiving. Third, a jury could find by a preponderance of the evidence that there is sufficient evidence that Defendant viewed the deleted child pornography. *See Ihmoud*, 454 F.3d at 891 (stating that evidence must be established by a preponderance of the evidence). Fourth, the probative value of the deleted child pornography may not be substantially outweighed by its prejudicial value. The evidence is potentially highly probative of Defendant's knowledge and intent to possess and receive child pornography. Because the government

---

²(…continued)
to present the evidence to the jury.

will be permitted to introduce other evidence of child pornography, any prejudicial effect caused by the additional deleted images would be minimal.

Accordingly, the court shall deny Defendant's request for a motion in limine excluding the deleted child pornography found in the Temporary Internet Files folder. The court shall reserve ruling on the ultimate issue until trial.

### E. Password-Protected Child Pornography

Lastly, Defendant requests that the court enter an order in limine directing the government not to present evidence or comment on images of child pornography stored in password-protected files on his computer. The government intends to present evidence that nearly 200 images of child pornography were password protected. The images were found in subfolders of the "Bri zips" subfolder on a hard drive on one of Defendant's computers. Defendant claims that, because merely "viewing or even passing a mouse over the file changes the last accessed date" on such files, there is "no basis to reasonably conclude that the files were purposely saved or downloaded" to Defendant's computer. Again relying on the "authority" of *Stulock*, Defendant claims the images should be excluded pursuant to Rules 401 and 403, because they have "little probative value" as to whether Defendant knowingly possessed or received child pornography.

Evidence is relevant if it has "any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The fact that Defendant had images of child pornography stored on his computer in password-protected files within a folder referencing his name makes it more probable that Defendant knowingly possessed and received child pornography. The evidence is relevant. *Id*. Furthermore, the evidence, while prejudicial to Defendant, is highly probative of his guilt. The probative value of the child pornography is not substantially outweighed by the danger of unfair prejudice. Fed.

8

R. Evid. 403.  Simply because evidence tends to prove a defendant's guilt is not a sufficient reason for exclusion under Rule 403.  *Id*.

Accordingly, the court denies Defendant's Motion insofar as it seeks to prohibit the government from presenting evidence or commenting on images of password-protected child pornography found on Defendant's computer.

### *IV. CONCLUSION*

**IT IS THEREFORE ORDERED:**

(1) Defendant Brion Dodd Johnson's Motion in Limine (docket no. 162) is **GRANTED IN PART AND DENIED IN PART**;

(2) The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects;

(3) Each party is charged with the responsibility of cautioning its witnesses of this order on this Motion in Limine; and

(4) The time between the filing of the Motion in Limine and the date of the instant Order is excluded from consideration under the Speedy Trial Act.  18 U.S.C. § 3161(h)(1)(F).

**IT IS SO ORDERED.**

**DATED** this 31st day of August, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA