# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRION JOHNSON,<br><br>    Defendant. | No. 04-CR-12-LRR<br><br>**ORDER** |

Before the court is Defendant Brion Johnson's Motion to Reconsider Ruling Denying Defendant's Motion in Limine Regarding Displaying Images of Child Pornography ("Motion") (docket no. 187). Although the government has not filed a resistance and the time for doing so has not passed, the court finds that it is appropriate to rule on the Motion without waiting for a resistance. LR 7.1(e).

On August 31, 2006, the court denied Defendant's request for an order in limine directing the government not to offer into evidence any visual images of child pornography ("Order"). (docket no. 176, at 3-4). Relying on *United States v. Old Chief*, 519 U.S. 172 (1996) and *United States v. Sewell*, 457 F.3d 841, 843-44 (8th Cir. 2006), the court held that the government is not required to accept Defendant's offer to stipulate that certain images are child pornography and may prove its case by evidence of its own choice. (docket no. 176, at 4). *See Sewell*, 457 F.3d at 844 ("Generally, 'the prosecution is entitled to prove its case by evidence of its own choice . . . .'") (quoting *Old Chief*, 519 U.S. at 186).

In the instant Motion, Defendant urges the court to reconsider its Order in light of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat.

587 (July 27, 2006) (codified in scattered sections of 18 U.S.C. and 42 U.S.C.) ("Adam Walsh Act"). Defendant points out that, in the Adam Walsh Act, Congress made a number of findings. Among these findings, Congress stated that it is important to "protect[] children from repeat exploitation in child pornography" because

> (D) Every instance of viewing images of child pornography represents a renewed violation of the privacy of the victims and a repetition of their abuse.
>
> (E) Child pornography constitutes prima facie contraband, and as such should not be distributed to, or copied by, child pornography defendants or their attorneys.
>
> (F) It is imperative to prohibit the reproduction of child pornography in criminal cases so as to avoid repeated violation and abuse of victims, so long as the government makes reasonable accommodations for the inspection, viewing, and examination of such material for the purposes of mounting a criminal defense.

Adam Walsh Act § 501(2)(D)-(F). Defendant claims that the court's Order is "contrary to the legislative purposes underlying [the Adam Walsh Act]," because the government will be permitted to show the Defendant's alleged child pornography to the jury and thereby re-victimize the children in the photographs.

The court shall deny the Motion. Defendant cites broadly worded factual findings, not specific legislation. Nothing in the United States Code as amended by the Adam Walsh Act requires the government to accept a defendant's offer to stipulate that certain images are child pornography or states that the government may not prove its case by evidence of its own choice. "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enters., Inc.*, 489

U.S. 235, 242 (1989) (alteration in original) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982)). Because nothing in the Adam Walsh Act purports to overrule the law as set forth in *Old Chief*, *Sewell* and the Order, there is no statute for the court to apply.

This is not a rare case where literal application of the law will produce a result demonstratively at odds with the intentions of the drafters of the Adam Walsh Act. In passing the Adam Walsh Act, Congress sought to "protect children from repeat exploitation in child pornography," Adam Walsh Act § 501(2), and clamp down on the "substantial interstate market in child pornography," which is "a multimillion dollar industry," including "a nationwide network of individuals openly advertising their desire to exploit children and to traffic in child pornography," *id.* § 501(1)(B). The more prominent features of the Adam Walsh Act are the establishment of the National Sex Offender Registry, the Dru Sjodin National Sex Offender Public Website and the Megan Nicole Kanka and Alexandra Nicole Zapp Community Notification Program. *See id.* §§ 119-21 (codified at 42 U.S.C. §§ 16919-16921). It is not "demonstrably at odds" with the Adam Walsh Act to permit the government to introduce the images of child pornography against Defendant at his trial. The presentation of evidence in a criminal trial is not "repeat exploitation" of the victims in this case, but rather our criminal justice system's method of vindicating them. To adopt Defendant's broad construction of the Adam Walsh Act would truly turn the Adam Walsh Act on its head; Defendant urges the court to construe a law that was plainly designed to facilitate the prosecution of child pornographers into a law that would unduly inhibit such prosecution. This the court cannot sanction.

**IT IS THEREFORE ORDERED** that Defendant's Motion (docket no. 187) is **DENIED**. The time between the filing of the Motion and the date of the instant Order is excluded from consideration under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

**IT IS SO ORDERED.**

**DATED** this 25th day of September, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA