# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 04-CR-12-LRR |
| vs. | **ORDER** |
| BRION DODD JOHNSON, | |
| Defendant. | |

## I.  INTRODUCTION

Before the court is Defendant Brion Dodd Johnson's Motion for Relief from the Provisions of 18 U.S.C. § 3509(m) ("Motion") (docket no. 178).

## II.  RELEVANT PRIOR PROCEEDINGS

On September 2, 2006, Defendant filed the Motion. On September 18, 2006, the government filed a Resistance. On September 25, 2006, Defendant filed a Reply.

## II.  THE MERITS

At issue is the constitutionality of § 504 of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587, 629 (July 27, 2006) ("Adam Walsh Act"). This provision of the Adam Walsh Act, entitled "Prevention of Distribution of Child Pornography Used as Evidence in Prosecutions," was codified at 18 U.S.C. § 3509(m). Pub. L. No. 109-248, 120 Stat. at 629. It states:

> **(m) Prohibition on reproduction of child pornography.—**
>
> **(1)** In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.

> **(2)(A)** Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
>
> **(B)** For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

18 U.S.C. § 3509(m) (emphasis in original). The manifest purpose of § 3509(m) is to prevent the unauthorized release and redistribution of child pornography that law enforcement officers and the government have gathered for use in a criminal trial. The plain language of the statute requires that the child pornography remain in the "care, custody, and control" of the court or the government at all times. *Id.* § 3509(m)(1). In assembling their defenses, however, defendants, their legal counsel and their experts are entitled to "inspect[], view[], and examin[e]" the child pornography. *Id.* § 3509(m)(2). They cannot, however, take the child pornography out of the custody of the court or the government. *See id.*

Defendant is charged with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) and Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). Defendant claims 18 U.S.C. § 3509(m) is facially

2

unconstitutional[1] because it infringes upon his Fifth Amendment rights to due process and a fair trial and his Sixth Amendment right to effective assistance of counsel. Defendant claims § 3509(m) "puts the [g]overnment and the defense on unequal footing regarding preparation for and presenting their case[s]" and "unjustifiably[] assumes that all government agents may be trusted not to disseminate illegal images and that no defense witnesses and attorneys may be so trusted." Motion at 2. Defendant relies in part upon the Eighth Circuit Court of Appeals's pronouncement in *United States v. Schultz*, 431 F.2d 907, 911 (8th Cir. 1970), that "the adversary system cannot work successfully unless each party may fairly utilize the tool of . . . expert knowledge to assist in the presentation of [an] issue to the jury." *Schultz*, 431 F.2d at 911 (citing *United States v. Albright*, 388 F.2d 719, 722-24 (4th Cir. 1968)).

Defendant also contends that § 3509 is unconstitutional as applied to him because it unreasonably restricts his access to the services of a forensic computer expert. Defendant claims that his counsel (1) is personally "unable and unequipped" to analyze certain hard drives in the government's possession and (2) is unable to find an expert witness that can comply with § 3509(m)'s requirements and the court's financial restrictions upon how much he may spend on an expert witness at public expense.

"The Constitution guarantees every criminal defendant a fair trial." *United States v. Bordeaux*, 400 F.3d 548, 558 (8th Cir. 2005) (citing *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). "A constituent element of this guarantee is a defendant's right, grounded in the [F]ifth and [S]ixth [A]mendments, to introduce evidence in his own defense." *Id.* (citing *United States v. Bear Stops*, 997 F.2d 451, 454 (8th Cir. 1993)).

---

[1] The court construes Defendant's motion to lodge facial and as-applied challenges to the constitutionality of § 3509(m). Defendant does not use these terms in his Motion.

"[O]ne of the basic tools to which due process entitles indigent defendants is the services of court-appointed experts to 'conduct . . . appropriate examination[s] and [to] assist in evaluation, preparation, and presentation of [their] defense[s].'" *Starr v. Lockhart*, 23 F.3d 1280, 1288 (8th Cir. 1994) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985)). Such rights, however, are not without limitation; sometimes they may have to "bow to accommodate other legitimate interests in the criminal trial process." *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (discussing Defendant's right to introduce evidence).

The court holds that § 3509(m) is not unconstitutional on its face. The statute's requirement that all child pornography used in criminal trials shall remain in the possession of the government or the court does not unduly burden the rights of defendants to fair trials. The statute imposes no restrictions upon what defendants may or may not introduce at trial. Section 3509(m) only restricts *who* may possess the child pornography and whether the child pornography may be copied. These restrictions on custody, care, control and copying are reasonable.

In passing the Adam Walsh Act, Congress sought to "protect children from repeat exploitation in child pornography," Adam Walsh Act § 501(2), and clamp down on the "substantial interstate market in child pornography," which is "a multimillion dollar industry," including "a nationwide network of individuals openly advertising their desire to exploit children and to traffic in child pornography," *id.* § 501(1)(B). Thus, the manifest purpose of § 3509(m) is to prevent the unnecessary distribution of child pornography used in connection with criminal trials. By stating that the court or the government must retain control of the child pornography at all times, 18 U.S.C. § 3509(m)(1), and the child pornography may not be copied, *id.* § 3509(m)(2)(A), Congress adopted a reasonable measure to ensure that the child pornography used in criminal trials does not escape into the public domain. Child pornography, like firearms and drugs, is

contraband. Indeed, the restrictions imposed by § 3509 are similar to those inherent in Federal Rule of Criminal Procedure 16(a), which permits a defendant to inspect, copy or photograph certain items in the government's "possession, custody, or control" but does not allow a defendant or his counsel to remove contraband from the government's possession. *Cf. United States v. Bilyeu*, No. 05-80710, 2006 WL 680862, at *2 (E.D. Mich. Mar. 16, 2006) (denying defendant's request that the government give him possession of certain patient charts pursuant to Rule 16(a)(1)(E)(iii) because "there is no allegation that the government has refused to allow [him] to inspect or copy the records, . . . and [he] is not entitled to anything further from the government").[2]

Critically, § 3509(m) explicitly requires that defendants, their attorneys and their experts be given "ample opportunity for inspection, viewing, and examination" of the child pornography. 18 U.S.C. § 3509(m)(2). The statute thus assures that each defendant is given every reasonable opportunity to prepare his or her defense. If the government does not afford the defendant such an opportunity to inspect, view and examine the child pornography, the court can order the government to provide the defendant with a copy of it. *See id.* (requiring court to deny a defendant's request for copying "so long as" the government provides the defendant with "ample opportunity" for defendant, his counsel and his experts to inspect, view and examine the child pornography). The *Schultz* principle is in no way violated, because Defendant is assured the right to "fairly utilize the tool of . . . expert knowledge to assist in the presentation of [an] issue to the jury." *Schultz*, 431 F.2d at 911.

Likewise, the court holds that § 3509(m) is not unconstitutional as applied to

---

[2] Due to the newness of the Adam Walsh Act, there are no precedential cases precisely on point.

Defendant. Defendant's argument that the statute unreasonably restricts his access to the services of a computer forensic expert lacks merit.

At the outset, the court notes that Defendant had a computer expert retained at public expense for his first trial. *See generally United States v. Johnson*, 439 F.3d 884 (8th Cir. 2006). At no time during his first trial or the appeal process did Defendant claim that his expert was an ineffective witness. In other words, Defendant had an expert examine the evidence in this case and did not raise any objections to the quality or scope of such expert.

Defendant points out in his Reply that, in certain sealed ex parte motions filed in this court, he has asked for and received authorization for up to $500 to retain a second expert for the upcoming retrial. The expert may be retained for the limited purpose of determining whether a certain program existed on Defendant's computer and whether it was ever used. *See* 18 U.S.C. § 3006A(e) (authorizing expert services where necessary for an indigent defendant's defense).

In his brief, Defendant now claims, without explanation or any documentation of his efforts, that he cannot find an expert to complete the investigation for the sum the court has approved. Defendant maintains he cannot find a qualified local expert and, the court assumes, non-local experts are unwilling to travel to Iowa and inspect the hard drive for $500.[3] This potential problem, however, has nothing to do with the constitutionality of § 3509(m). If Defendant is unable to locate an expert witness that can comply with § 3509(m) for $500, he should file an ex parte application with the court pursuant to 18

---

[3] The court notes that it is not impossible for the child pornography to remain in the custody of the government and not remain in Iowa.

U.S.C. § 3006A(e).[4] In enacting § 3509(m), Congress has presumably balanced the public interest in prohibiting the dissemination of child pornography used in criminal trials with the public interest in reducing the costs of expert services for the indigent in favor of the public interest in prohibiting dissemination. It is not the province of this court to strike a different balance. *Cf. In re Sac & Fox Tribe of the Miss. in Iowa/Meskwaki Casino Litig.*, 340 F.3d 749, 760 (8th Cir. 2003) ("A district court cannot . . . override Congress' policy choice, articulated in a statute, as to what behavior should be prohibited . . . . Courts of equity cannot, in their discretion, reject the balance that Congress has struck in a statute.").

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Relief from the Provisions of 18 U.S.C. § 3509(m) (docket no. 178) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 27th day of September, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[4] Nothing in this Order should be construed as intimating that further expenses are, in fact, necessary.